UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DEMETRIUS K. BRASHEAR, | ) | 1:09-CV-00344 GSA HC |
| | ) | |
| Petitioner, | ) | ORDER GRANTING RESPONDENT'S |
| | ) | MOTION TO DISMISS |
| v. | ) | [Docs. 22, 28] |
| | ) | |
| | ) | ORDER DISMISSING CLAIM |
| KEN CLARK, et al., | ) | |
| | ) | ORDER DENYING MISCELLANEOUS |
| Respondents. | ) | MOTIONS |
| | ) | [Docs. 31, 32] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties have voluntarily consented to exercise of Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

**BACKGROUND[1]**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Kings, following his conviction by jury trial on May 16, 2007, of battery by a person confined in a state prison on a non-confined person. Petitioner was sentenced to serve a term of 25 years to life consecutive to his current sentence.

Petitioner appealed the conviction. On October 23, 2008, the California Court of Appeals, Fifth Appellate District affirmed the judgment. Petitioner filed a petition for review with the

---

[1] This information is derived from the petition for writ of habeas corpus, Respondent's motion to dismiss the petition, and the exhibits in support of Respondent's motion to dismiss.

California Supreme Court, but review was summarily denied on November 25, 2008.

Petitioner then filed one state post-conviction collateral challenge with respect to the judgment in the California Supreme Court. The petition was filed on July 20, 2009, and as of this date is still pending.

On February 25, 2009, Petitioner filed a federal habeas petition in this Court. On June 1, 2009, he filed a second amended petition pursuant to the Court's order. The second amended petition raises the following four claims for relief: 1) The trial court violated federal constitutional principles when it failed to instruct the jury on the necessity defense; 2) The trial court violated Petitioner's right to have the jury determine each fact that increased the length of his sentence; 3) Petitioner was denied his right under the federal constitution to have the jury decide whether his prior conviction of 245(a)(1) qualified as a 'strike'; and 4) Petitioner seeks to have his medical situation noted. Respondent filed a motion to dismiss for failure to exhaust on August 6, 2009, and an amended motion to dismiss on August 27, 2009. On August 27, 2009, Petitioner filed an opposition to the original motion to dismiss. He did not file an opposition to the amended motion. He did, however, file a motion to appoint an investigator and a motion entitled "Credibility of Witnesses Motion."

**DISCUSSION**

A.  Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 5 of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the attorney general, thus avoiding the necessity of a formal answer as to that ground." The Ninth Circuit has referred to a respondent's motion to dismiss on the ground that the petitioner failed to exhaust state remedies as a request for the Court to dismiss under Rule 4 of the Rules Governing § 2254 Cases.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982). Based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's motion for dismissal pursuant to its authority under Rule 4.

1. Exhaustion

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).

In this case, Petitioner failed to present ground four of his petition to the California Supreme Court. Therefore, this claim is unexhausted and must be dismissed.

2. Failure to State a Claim

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In ground four, Petitioner states he seeks to have his medical issues noted. This is not an appropriate ground for relief since it involves the conditions of his confinement, not the legality or duration of his confinement. Therefore, it must be dismissed for failure to state a claim.

B. Motion for Investigator

On August 31, 2009, Petitioner filed a motion to appoint an investigator in order to develop additional facts relating to his medical claim. As stated above, the claim is not appropriate in habeas

review; therefore, the motion will be denied.

C.  Motion Regarding Credibility of Witnesses

    On September 10, 2009, Petitioner filed a motion entitled "Credibility of Witnesses Motion." The Court has reviewed the motion and cannot discern what it is Petitioner seeks. Therefore, the motion will be denied.

**ORDER**

    Accordingly, IT IS HEREBY ORDERED:

    1) Respondent's motion to dismiss is GRANTED;

    2) Ground Four of the petition is DISMISSED;

    3) Petitioner's motion for investigator is DENIED;

    4) Petitioner's motion regarding the credibility of witnesses is DENIED; and

    5) Respondent is DIRECTED to file an answer to the remaining three claims within thirty (30) days of the date of service of this Order. Petitioner may then file a traverse to Respondent's answer within thirty (30) days from the date of filing of the answer.

    IT IS SO ORDERED.

Dated:   **September 29, 2009**                              **/s/ Gary S. Austin**
                                                                            UNITED STATES MAGISTRATE JUDGE